**United States District Court**
**District of Kansas**

UNITED STATES OF AMERICA,

                **Plaintiff,**

    v.

DAWN PICKENS,                        CriminalCase No. 04-20166-JWL

               **Defendant.**         Civil Case No: 08-2187-JWL

---

### MEMORANDUM AND ORDER

The motion before this court, filed from the Federal Detention Center in Houston Texas on March 23, 2008, is Defendant Dawn Pickens' pro se motion to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The motion is denied for lack of jurisdiction.

### Factual Background

Dawn Pickens pled guilty to one count of Bank Fraud under 18 U.S.C. § 1344 and was sentenced according to the Sentencing Reform Act of 1984 on March 28, 2006. (Doc. 34). This court imposed the sentence of time served and five years supervised release wherein the defendant agreed to certain conditions as a part of the supervised release. (Doc. 34:3). The judgment stated that the defendant shall not possess, purchase or use any controlled substance except as prescribed by a physician, that the defendant must submit to drug testing, and that the defendant must refrain from associating with known felons. *Id.*

On March 11, 2008 Ms. Pickens admitted to violating mandatory and special conditions of her supervised release, specifically failing to refrain from drug use, failing to truthfully answer probation officer questions, and failing to refrain from associating with felons.  (Doc. 58).  As a result this court sentenced Ms. Pickens to six months imprisonment in the custody of the United States Bureau of Prisons to start at, or before March 17, 2008, at which time the defendant was ordered to surrender to United States Marshals.  (Doc. 58). The surrender deadline was extended to March 24, 2008, in order for Ms. Pickens to appear at a hearing for child custody.  (Doc. 59).  She surrendered at the appropriate time.

## Discussion

28 U.S.C. § 2255 grants prisoners in custody the means to challenge the validity of an imposed sentence, in the sentencing court. § 2255(a) (2008).  The prisoner is entitled to relief if the sentence was in violation of the Constitution or federal laws, the court was without jurisdiction, the sentence was not within the statutorily authorized limits, or the sentence is otherwise subject to collateral attack.  *Id.*  The prisoner is entitled to an evidentiary hearing unless the record conclusively shows that he or she is not entitled to relief.  *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (quoting § 2255).  Furthermore, when the "action addresses the execution of the sentence rather than the validity" § 2255 relief is not available.  *See United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (denying relief because § 2241 habeas corpus relief was proper to address execution policies).  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (stating that § 2255 attacks the legality of detention).  "28 U.S.C. § 2241 attacks the execution of the sentence rather than the validity and must be filed in the district

where the prisoner is confined." *See Scott*, 803 F.2d at 1096; *see also Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007); *Bradshaw*, 86 F.3d at 166.  In *Scott*, the defendant unsuccessfully claimed his sentence had been served and that he was entitled to release under § 2255, challenging the BOP policy of not commencing his sentence at the time of his appeal bond revocation.  *See Scott*, 803 F.2d 1095.

Like in the *Scott* case Ms. Pickens alleges that she is entitled to vacation, setting aside, or correction of her sentence during the execution of her sentence.  803 F.2d at 1096.  The defendant shapes her three complaints under § 2255, but all three clearly challenge the BOP policy of granting an individual review for the purpose of possible halfway house placement.  Like *Scott,* this motion challenges a BOP policy involved in the execution of Ms. Pickens' sentence, not the validity or legality of the sentence itself. 803 F.2d 1095.  She is able to challenge BOP policies of executing her sentence under 28 U.S.C. § 2241 in the jurisdiction of her imprisonment.

### Conclusion

This court denies the § 2255 claim brought by the defendant.  The § 2255 claim is properly filed under § 2241 in the jurisdiction of the defendant's imprisonment.  It is therefore ordered by the court that Ms. Dawn Pickens' motion to vacate, set aside, or correct her sentence under § 2255 is denied without prejudice.


IT IS SO ORDERED.

Dated this  17th  day of July, 2008.


s/ John W. Lungstrum
John W. Lungstrum

United States District Judge